| | AUSA: | Nhan Ho | Telephone: (313) 226-9100 |
|---|---|---|---|
| AO 91 (Rev. 11/11) Criminal Complaint | Special Agent: | Sherri Reynolds | Telephone: (313) 202-3400 |

# UNITED STATES DISTRICT COURT
### for the

## Eastern District of Michigan

United States of America

v.

Latron Hammock

Case No. 26-30263

### CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____May 5, 2026_____ in the county of _____Wayne_____ in the _____Eastern_____ District of _____Michigan_____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(o) | Possession of a machinegun |

This criminal complaint is based on these facts:
see attached affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Sherri Reynolds, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: __May 7, 2026__

_____
*Judge's signature*

City and state: __Detroit, MI__

Hon. Elizabeth A. Stafford, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Sherri Reynolds, Special Agent for the Bureau of Alcohol, Tobacco, Firearms and Explosives, being duly sworn, hereby depose and state as follows:

## <u>INTRODUCTION</u>

1.      I am a Senior Special Agent with the ATF and have been so employed since December of 2009. I am currently assigned to the Detroit Field Division. I completed twenty-six weeks of training, which was comprised of the Criminal Investigator Training Program and the ATF Special Agent Basic Training program at the Federal Law Enforcement Training Center in Glynco, Georgia. I received extensive training on firearms identification, common scenarios involving illegal firearms possession and firearms trafficking. Throughout my career, I have investigated or have been involved in hundreds of investigations of individuals who are prohibited persons in possession of firearms and/or the illegal use of possession of machineguns.

2.      The facts in this affidavit come from my personal observations, training, experience, conversations with ATF Special Agents, and information provided by other sworn law enforcement officers. This affidavit is intended to show that there is sufficient probable cause and does not set forth all the information known to law enforcement regarding this investigation.

## PROBABLE CAUSE

3.      On May 5, 2026, local law enforcement were conducting surveillance at an apartment building on XXXXX Niagara, Romulus, MI, to locate D.B. (juvenile), who is a suspect of a homicide that occurred in Inkster in June 2025, during which the brother of a known gang member (A.R.) was fatally shot.

4.      While ATF is not the primary investigative agency in this homicide, agents reviewing Instagram records associated with A.R. — whose brother was killed — observed that D.B. claimed responsibility for the murder. On or about January 5, 2026, D.B. sent a message to A.R., "Boi we kilt yo brotha." ATF is also aware that HAMMOCK is a close associate of D.B., and HAMMOCK, on or about the same day, sent A.R. a message through Instagram, "n**** yo brotha is dead how it feel seeing yo mama cry."

5.      During surveillance on May 5, 2026, law enforcement observed a male matching D.B.'s description walk down a stairwell before apparently spotting officers through the stairwell window and turning back up the stairs. The male was later identified as HAMMOCK, whose listed height and weight are within two inches and ten pounds of D.B.'s.

6.      To make sure the observed male is not D.B., officers gave HAMMOCK verbal commands to stop. HAMMOCK nonetheless continued to walk quickly away from officers. Ultimately, he was stopped by an officer. During

a pat down of his person, officers located a Glock, model 23, .40 caliber pistol with an extended tan thirty round magazine on HAMMOCK's person.

7.     The firearm recovered from HAMMOCK's person was equipped with a machine gun conversion device (MCD), commonly referred to as a "switch." This device is designed to convert a semi-automatic firearm into a fully automatic firearm capable of expelling multiple rounds with a single pull of the trigger. Because the sole purpose of such a device is to convert a firearm to fully automatic fire, the device itself is classified as a machinegun under federal law. Functional testing confirmed the MCD's functionality, qualifying the recovered firearm as a machinegun under 26 U.S.C. § 5845(b).

8.     Below are photos of the firearm recovered from HAMMOCK's person:





9.      That same day, law enforcement also arrested D.B., who was found hiding in a bedroom closet of an apartment in the same building where HAMMOCK was apprehended. In that closet, officers recovered another firearm equipped with a suspected MCD inside a bag D.B. admitted was his.

10.     As part of its investigation into the ongoing gang conflict in Detroit, ATF agents obtained social media account information associated with Nicholas WILSON, who has recently been charged by a complaint for possession of a machine gun (Case No. 26-mc-30202). WILSON is an associate of HAMMOCK, and both are validated members of "Fox Gang" street gang in Detroit.

11.     During a review of WILSON's Instagram account, agents observed a video sent from HAMMOCK's account depicting a firearm with a suspected MCD affixed to the rear, and a tan extended magazine like the one recovered with HAMMOCK on May 5, 2026. Below is a still image from the video.

4



## **CONCLUSION**

12.     Probable cause exists that on or about May 5, 2026, in the Eastern

District of Michigan, HAMMOCK possessed a machinegun in violation of 18

U.S.C. § 922(o).

_____

Sherri Reynolds
ATF Special Agent

Sworn to before me and signed in
my presence and/or by reliable electronic means.

_____
HONORABLE ELIZABETH A. STAFFORD
UNITED STATES MAGISTRATE JUDGE

Date:  May 7, 2026
_____

5